UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GARY RICKETT and
KIMBERLY RICKETT,

        Debtors.

_____/

Case No. 08-63297
Chapter 13
Hon. Walter Shapero

## OPINION REGARDING TRUSTEE'S OBJECTIONS TO CONFIRMATION

### I. Introduction

The matter before the Court is the Trustee's objection to confirmation of Debtor's proposed Chapter 13 plan.

### II. Facts

Gary and Kimberly Rickett ("Debtors") filed their Chapter 7 petition on September 25, 2008. The Debtors filed a Motion to Convert Chapter 7 Case to a Case Under Chapter 13 on October 10, 2008. The Court entered an Order granting such motion on October 29, 2008. The Debtors filed Schedules I and J on October 10, 2008 and amended those schedules on March 3, 2009. Debtors filed a proposed Chapter 13 plan on November 13, 2008 and filed a First Amended Plan on February 11, 2009. Debtors' propose a 60-month plan with an 18 percent dividend to General Unsecured Creditors. Debtors' proposed amended plan does not provide for contribution of future tax refunds.

Debtors' family is made up of a total of ten persons, including eight children. The Debtors have one adult daughter, age 26, and seven adopted children, ranging in age from 5 to

1

13 years old. Debtors' original schedules listed an adoption subsidy in the amount of $4,200, food expenses for the family in the amount of $2,000, college expenses for their adult daughter in the amount of $300, and clothing expenses for the family in the amount of $700 per month. Debtors amended their schedules to include the following changes: (1) Debtors changed the amount of the adoption subsidy received from $4,200.00 to $4,462.00 and (2) Debtors listed an additional expense in the amount of $500 for gymnastics classes for their children.

The Trustee objects to three monthly budget items that the Debtor proposes: (1) clothing expenses in the amount of $700, (2) college expenses for Debtor's adult daughter in the amount of $300, and (3) gymnastics expenses for six of Debtors' children in the amount of $500. Trustee argues that Debtors should increase their best effort by $350 per month into their plan, which could yield a 100 percent dividend to general unsecured creditors.

### III. Discussion

11 U.S.C. § 1325(b)(1) provides in relevant part that:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
>
> ...
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments unsecured creditors under the plan.

"Disposable income" is income which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependant of a debtor.

2

*College Expenses*

The Trustee objects to the $300 monthly expense listed on Schedule J for their adult daughter's college expenses on the grounds that it is not reasonably necessary for the unsecured creditors to bear the burden of the Debtors' contribution to their adult child's education costs. Specifically, the Trustee relies on *In re Beckerman,* Ch. 7 Case No. 06-49172 (E.D. Mich. Feb. 12, 2008), in which this court held that unsecured creditors should not be required to bear the burden of a debtor's moral obligation to fully support his children financially while they attend college.

Debtors testified that the $300 per month college expense actually represents costs for both their daughter's college expenses and Mrs. Rickett's college expenses. Debtors testified that $200 per month is contributed to Mrs. Rickett's college expense, and $100 per month is contributed to Debtors' adult daughter's college expenses. On March 9, 2009, Mr. Rickett conceded to the Trustee's objection to Debtors' contribution to their adult daughter's college expenses and agreed to pay an additional $100 to increase the debtors' best efforts.

Therefore, Debtors best efforts will be increased to include an additional $100.

*Gymnastics Expenses*

The Trustee objects to the $500 monthly expense listed on Schedule J for gymnastics classes on the grounds that it is not reasonably necessary for the support of the Debtors or their dependents and that it is an unreasonable discretionary expense. Debtors argue that the activity is very beneficial to the children and that discontinuing the activity would unfairly penalize the children.

This Court finds that, based on the circumstances of this case, Debtors should be required to increase their best efforts by an additional $250. Mrs. Rickett testified that the children have been taking gymnastics classes regularly for the past three months. It should be noted that this expense arose post-petition and that the children have not participated for such a length of time that it would unfairly penalize them to discontinue the activity. It is also particularly relevant that the Debtors will not be contributing future tax refunds to the plan. Debtors had not yet received their 2008 tax refund as of March 9, 2009. Mr. Rickett testified that he has received tax refunds in excess of $8,000 in past years and expects that this year will be no different. This additional income, which will not be contributed to the plan, can be used to provide for this discretional expense for the children. This Court finds that it is not reasonably necessary for the unsecured creditors to bear the burden of this discretional expense; therefore, Debtors best efforts will be increased to include an additional $250.

## IV. Conclusion

For the foregoing reasons, the Court finds that the Debtors are not committing all or their disposable income for the benefit of unsecured creditors under the proposed plan and therefore, the Debtors' best efforts must be increased by a total of $350.

**Signed on June 08, 2009**

                                              **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**